The Honorable Pat Pappas State Representative 2901 Willow Pine Bluff, Arkansas 71603
Dear Representative Pappas:
This is in response to your request for an opinion on the following:
 Please provide a written definition of an individual, or a class of individuals, that would be required to meet the required provisions of Act 604 of 1991.
Act 604 of 1991 amended A.C.A. § 14-42-117, by adding the emphasized language below:
 Notwithstanding any other law to the contrary, any employee of a first-class city, second-class city, or incorporated town, and any elected official of a first-class city, second-class city, or incorporated town who is entitled by an act of the General Assembly to retirement benefits for service as such employee or elected official and who also participates in another retirement plan established by the city for the same period of service shall be entitled to only one (1) retirement benefit for the same period of service to the municipality, provided that no elected official may withdraw in a lump sum or roll over into a private account any accumulated benefits established by the municipality for which the official was employed and at the same time receive a pension as provided for under an act of the General Assembly, and the employee or elected official may choose whether to receive the retirement benefit provided by law or provided by the plan offered by the municipality.
The language of the proviso added by Act 604 of 1991 is limited to "elected official[s]." The title of Act 604 of 1991 is also instructive in determining the legislative intent. Such title denotes the act as:
 AN ACT to Amend Arkansas Code 14-42-117 to Provide That No Elected Municipal Official May Withdraw in a Lump Sum or Roll Over Into a Private Account Any Accumulated Retirement Benefits Established by the Municipality If the Official Receives a Pension Provided for Under AN ACT of the General Assembly; and for Other Purposes.
[Emphasis added.]
In my opinion, therefore, the language of Act 604 of 1991 applies to "elected municipal officials." This is in contrast to the pre-existing language of A.C.A. § 14-42-117 (as enacted by Act 723 of 1989), which applies to both elected officials and employees. I cannot, as you have requested, however, formulate a controlling definition of a term where there legislature has not seen fit to do so. See, e.g., Ops. Att'y Gen.97-334; 97-241; 97-067; 96-142, and 95-161. Additionally, without more information about which particular position is the subject of your concern, I can only recite the language of the act, and refer to the legislative intent which may be gleaned from the title thereto.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This opinion should not be construed, however, as opining that it is lawful for municipal employees to do what the Act 604 proviso prohibits. A question may remain as to whether their action would violate the pre-existing language of A.C.A. § 14-42-117.